NOT FOR PUBLICATION                              [Docket No. 23]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

FREDERICK CLARKE,                :

       Plaintiff,         :   Civil No. 06-3125

       v.                 :   **OPINION**

KATHRYN MACFARLAND, et al.,      :

                           :

       Defendants.


APPEARANCES:

Frederick Clarke
Prison #275867
SBI #815094B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    Plaintiff Pro Se

Sarah Brie Campbell, Esq.
Office of the New Jersey Attorney General
Department of Law & Public Safety
Richard J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
    Attorney for Defendants


**BUMB,** United States District Judge:

1

**Introduction:**

This matter comes before the Court upon the Defendants' Motion to Dismiss for Failure to State a Claim and, alternatively, for Summary Judgment. The Court has reviewed the submissions of Defendants Kathryn McFarland, Drew Thompson and Rodney Williams. Plaintiff, Frederick Clarke, appearing pro se, has not filed any opposition to the Defendants' motion.

Plaintiff is an inmate at the South Woods State Prison ("SWSP") in the State of New Jersey. (Compl. ¶ 7.) Defendant McFarland was employed by the New Jersey Department of Corrections ("NJDOC") as Administrator of SWSP. (Defs.' Br. at 13.) Defendant Thompson is employed by NJDOC as a Lieutenant at the Adult Diagnostic and Treatment Center at SWSP, and Defendant Williams is employed by NJDOC as a Senior Corrections Officer at SWSP. Id.

Plaintiff alleges three "causes of action" in his Complaint. First, Clarke alleges that the Defendants assigned him to an unsafe work environment, the prison shoe shop, where he was exposed to benzene in violation of his rights under the Eighth and Fourteenth Amendments. (Compl. ¶ 24.) Plaintiff also alleges that the Defendants retaliated against him for complaining about unsafe conditions by removing him from his job in the shoe shop in violation of his First Amendment right of free speech. Id.

His second cause of action alleges that, as a result of that exposure, he developed medical symptoms that were not properly treated by the Defendants in violation of his Eighth and Fourteenth Amendment rights.  Id. at ¶ 26.  Clarke's third cause of action asserts a claim of negligence against the Defendants.  Id. at ¶¶ 27-31.  Plaintiff seeks compensatory and punitive damages for all three causes of action, as well as injunctive relief for his retaliation claim.  Id. at ¶ 31.

**Applicable Standards:**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must properly exhaust all administrative remedies before bringing suit.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006).  The PLRA states in relevant part:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Proper exhaustion, in keeping with the PLRA, "demands compliance with an agency's deadlines and other critical procedural rules...."  Woodford, 126 S. Ct. at 2386.  The administrative remedies must be exhausted even if the remedies available under the administrative processes do not include the result desired by the prisoner.  Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2002).

Failure to exhaust administrative remedies is an affirmative defense.  Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007).  Therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 921.

Defendants move to dismiss the Complaint in accordance with Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment in accordance with Fed. R. Civ. P. 56(c).  Pursuant to the instant motion, Defendants claim, inter alia, that the Plaintiff did not exhaust his administrative remedies prior to filing suit.  Because the Defendants are asserting failure to exhaust, a 12(b)(6) standard is inappropriate here because "[f]ailure to exhaust administrative remedies is an affirmative defense for which Defendants bear the burden of production and persuasion."  Jones v. Morris County Corr. Facility, 2007 U.S. Dist. LEXIS 27556, *6 (D.N.J. 2007) (citing Jones, 127 S. Ct. at 921); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

In cases regarding PLRA exhaustion, "[t]he Third Circuit has explicitly stated that '[r]eliance on declarations from prison officials requires conversion'" of motions to dismiss into motions for summary judgment.  Jones, 2007 U.S. Dist. LEXIS 27556 at *6 (quoting Hemingway v. Falor, 200 Fed. Appx. 86, 90 (3d Cir. 2006)).  In support of their motion, the Defendants have provided the Declaration of Carlos Villar, who is employed by the NJDOC as

4

an "Executive Assistant II" at SWSP (Villar Decl. at ¶ 1.); a copy of the pages of the SWSP inmate handbook which outline the prison's inmate grievance procedure (Defs.' Ex. B.); and copies of four grievance forms Plaintiff submitted at SWSP. (Defs.' Ex. C.) Because this Court will look to the declaration of a SWSP official in examining the issue of exhaustion, it must convert the motion to dismiss into one for summary judgment.

When converting a 12(b)(6) motion to one for summary judgment "all parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). "To exercise the right to oppose summary judgment, a party must have notice." Hancock Industries v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987) (quoting Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980)). A court must give the parties notice of its intent to convert a defendant's motion to dismiss into a motion for summary judgment so that the plaintiff is not subjected to "summary judgment by ambush." Jones, 2007 U.S. Dist. LEXIS 27556 at *7 (quoting In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002)). In the instant case, Plaintiff received notice of the Defendants' motion for summary judgment as part of their motion to dismiss in answer to his complaint. Therefore, Plaintiff has received adequate notice and Defendants' motion will be evaluated as a motion for summary judgment.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The record is construed in the light most favorable to the non-moving party, and that party is granted all reasonable inferences therein. Anderson v. Conrail, 297 F.3d 242, 247 (3d Cir. 2002). The ultimate question is "whether a jury could reasonably find either that the Plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." Anderson, 477 U.S. at 254.

Finally, if the non-moving party fails to oppose the motion, as is the case here, the Court may only grant the motion for summary judgement "if appropriate." Fed. R. Civ. P. 56(e). When the moving party has the burden of proof on the relevant issues the court must determine whether or not the facts entitle the moving party to judgment as a matter of law. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). However, when the moving party does not bear the burden of proof on the relevant issues, the Court must determine if there are deficiencies in the opponent's evidence that entitle the moving party to summary judgment as a matter of law. Id.

6

**Discussion:**

Defendants first argue that summary judgment should be granted because Plaintiff has failed to properly exhaust all available administrative remedies before bringing suit, and, therefore, his complaint is barred by the PRLA. (Defs.' Br. at 8.). SWSP has an administrative grievance procedure for inmates. (Defs.' Br. at 10). According to the SWSP inmate handbook the grievance procedure consists of a four step process. (Defs.' Ex. B at 1.) First, the inmate must complete an administrative remedy form, which is available to him from housing unit officers, social workers and in the prison law library. Id. That form must then be deposited in a drop box located in each housing unit. Id. Second, the inmate will receive a response to that form from the appropriate department within a specified period of time. Id. If the inmate is dissatisfied with that response, the next step is for him to file an appeal to the administrative remedy form. Id. Finally, when the response to that appeal is received the inmate's administrative remedies are exhausted. Id.

Defendants' argue that Plaintiff has not properly exhausted the administrative remedies for his claims and the PLRA is clear that all administrative remedies must be exhausted before an action can be brought in federal court. Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). While Plaintiff's complaint does not

discuss whether he availed himself of SWSP's administrative remedy process or not, the Supreme Court's decision in <u>Jones</u> makes it clear that such a failure is not fatal.  127 S. Ct. at 919 (finding that prisoners' §1983 complaints are not subject to pleading requirements beyond those in Fed. R. Civ. P. 8(a), despite the PRLA's requirement that they exhaust all administrative remedies before bringing such suits).

Moreover, in his complaint, Plaintiff says that he informed prison officials of his grievances, and the Court is required to construe that complaint liberally.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980).  However, pursuant to the un-refuted evidence submitted by Defendants, the Court finds that the Plaintiff did not properly exhaust the prison's administrative remedies before filing suit as required by the PLRA.

According to the SWSP records submitted by the Defendants, Plaintiff has filed only four "Request System & Remedy Forms" since his incarceration began.  (Defs.' Ex. C; and Villar Decl. at ¶¶ 8-9.)  It is these forms that are used for requests for administrative remedies.  (Defs.' Ex. C.)  Plaintiff submitted a form on June 29, 2006, complaining that he was suffering physically as a result of exposure to "hazardous chemicals" while working in the prison shoe shop.  <u>Id.</u> at Part 1.  He received a response to that complaint from prison staff on July 12, 2006,

8

which said the form was not to be used for the service of "unfiled litigation."[1] Id. at Parts 2, 3. The staff asked the Plaintiff to address his complaints on the remedy form and "they will be answered." Id. at Part 3. While Clarke could have appealed that response to his request for administrative remedy, the record demonstrates that he did not do so. Id. at Part 4.

Plaintiff's suit was filed in the District of New Jersey on July 11, 2006, the day before he received the response to his administrative remedy form complaining of exposure to hazardous chemicals. Therefore, the SWSP's administrative remedy process for Plaintiff's chemical exposure claim was not completed prior to his filing suit against the Defendants for two reasons: 1) Plaintiff had not received the response to his request for remedy when he filed suit, and 2) he did not appeal the response he received in accordance with SWSP's procedures for administrative remedies. Additionally, there were no administrative remedy forms whatsoever with regard to Plaintiff's inadequate medical care and retaliation claims in the SWSP records submitted by the Defendants.

The Defendants have adequately demonstrated that Plaintiff did not exhaust the administrative remedies available at SWSP as to any of the claims asserted in his Complaint. Therefore, this

---

[1] The Defendants contend that the Plaintiff attached a copy of the complaint he later filed with this Court to the form in an attempt to serve Defendant McFarland. (Defs.' Br. at 11.)

Court will grant the Defendants' motion for summary judgment.

**Conclusion:**

In light of the foregoing, the Defendants' motion for summary judgment will be granted.

An appropriate Order will issue this date.


Dated: July 25, 2007                    s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge